1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   Federal Home Loan Bank of Seattle,          CASE NO. C10-0148 RSM

11                          Plaintiff,           ORDER OF REMAND

12          v.

13   Countrywide Securities Corp., *et al.*

14                          Defendants.

15

16                    **I.    INTRODUCTION**

17          This matter comes before the Court on Plaintiff Federal Home Loan Bank of Seattle's

18   "Omnibus Motion to Remand."  Plaintiff ("FHLB Seattle" or "the Bank") contends this Court

19   lacks subject matter jurisdiction to hear this case.  Defendants Countrywide Securities Corp. and

20   related entities ("Defendants") assert three bases for jurisdiction: (1) that FHLB Seattle's charter

21   confers federal jurisdiction over every action to which the Bank is a party; (2) that FHLB Seattle

22   is a United States government "agency" subject to federal jurisdiction under 28 U.S.C. §1345;

23   and (3) that FHLB Seattle is a citizen of Washington State, diverse from Defendants.  Having

24

1   considered all the parties' arguments, this Court finds that none of Defendants' theories provides

2   a basis for federal jurisdiction.

3       For the reasons set forth below, the Court agrees with the Plaintiff and GRANTS

4   Plaintiff's motion to remand.

5

6                                   **II.    BACKGROUND**

7       On December 23, 2009 Plaintiff filed eleven separate actions in King County Superior

8   Court against eleven financial institutions, alleging violations of the Securities Act of

9   Washington (SAW), RCW 21.20.010(2)[1].  All defendants removed to District Court.  None of

10  the actions were consolidated, but they were transferred to a single judge in the interest of

11  efficiency.  On March 11, 2010, Plaintiff filed an "Omnibus Motion to Remand," to which all

12  defendants objected.

13

14                                  **III.    DISCUSSION**

15      Congress created the Federal Home Loan Bank System in 1932, to provide Depression

16  relief to the home loan mortgage industry and to promote home ownership.  FHLBs are

17  cooperatives—their membership is private, but they are instruments in a congressional regulatory

18  scheme overseen by a central Federal Home Loan Bank Board.  Each FHLB shares a common

19  _____

20      [1] *FHLB Seattle v. Morgan Stanley & Co., Inc., et al.,* Case No. 10-0132; *FHLB Seattle v.
    Barclays Capital, Inc., et al.,* Case No. 10-0139; *FHLB Seattle v. Deutsche Bank Securities Inc.,*

21  *et al.,* Case No. 10-0140; *FHLB Seattle v. UBS Securities, et al.,* Case No. 10-0146; *FHLB
    Seattle v. Bank of America Securities LLC, et al.,* Case No. 10-0147; *FHLB Seattle v.*

22  *Countrywide Securities Corp., et al.,* Case No. 10-0150; *FHLB Seattle v. Merrill Lynch Pierce
    Fenner & Smith Inc., et al.,* Case No. 10-0150; *FHLB Seattle v. Bear, Stearns & Co., Inc., et al.,*

23  Case No. 10-0151; *FHLB Seattle v. Credit Suisse Securities (USA) LLC, et al.,* Case No. 10-
    0167; *FHLB Seattle v. RBS Securities, Inc., et al.,* Case No. 10-00168; *FHLB Seattle v.*

24  *Goldman, Sachs & Co. et al.,* Case No. 10-0177.

1    federal charter, but has its own "organizing certificate" establishing its zone of operation and

2    "home office" in one of 12 multi-state FHLB "Districts."

3

4        1.   The Charter

5        The FHLB charter empowers each Bank's directors "to sue and be sued, to complain and

6    to defend, in any court of competent jurisdiction, State or Federal."  12 U.S.C. §1432(a).  FHLB

7    Seattle maintains that the phrase, "of competent jurisdiction," indicates the need for

8    supplementary legislation rendering the district courts "competent" to hear an FHLB case.

9    Defendants contend that the charter itself confers jurisdiction on the district courts.

10       Defendants base their argument on *Pirelli v. Armstrong Tire Corporation Retiree*

11   *Medical Benefits Trust v. Raines,* 534 F.3d 779 (D.C. Cir. 2008), in which the D.C. Circuit

12   applied *American National Red Cross v. Solicitor General,* 505 U.S. 247 (1992) to hold that the

13   Fannie Mae charter confers federal jurisdiction, despite its "competent jurisdiction" clause.  *Red*

14   *Cross* does not address the meaning of a "competent jurisdiction" clause; rather, it distinguishes

15   charters that mention the federal courts from those that do not, holding that "a congressional

16   charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only

17   if, it specifically mentions the federal courts." *Red Cross,* 505 U.S. at 255.  The *Pirelli* majority

18   construed *Red Cross* expansively, and Defendants invoke *Pirelli* to argue that the word,

19   "federal," appearing in a congressional charter, is a "talisman" whose power to create federal

20   jurisdiction cannot be negated by the addition of a "competent jurisdiction" clause. (Pl. Reply at

21   11.)

22       In opposition, Plaintiff argues that a "competent jurisdiction" clause would be

23   superfluous if it did not necessitate a separate jurisdictional grant.  Three district court decisions

24

1   support this position, one of which succeeded and declined to follow *Pirelli. Rincon Del Sol,*

2   *LLC v. Lloyd's of London,* F. Supp. 2d, 2010 WL 1779933 (S.D. Tex. 2010); *Knuckles v. RBMG,*

3   *Inc.,* 481 F. Supp. 2d 559 (S.D. W. Va. 2007); *Fed. Nat'l Mortgage Ass'n v. Sealed,* 457 F. Supp.

4   2d 41 (D.D.C. 2006).  Because it agrees with the reasoning in all these district court decisions, as

5   well as with the *Pirelli* concurrence, this Court finds that a "competent jurisdiction" clause

6   necessitates a supplementary grant of federal jurisdiction.  Accordingly, this Court agrees with

7   Plaintiff that the FHLB charter does not confer federal jurisdiction over this action.

8

9         2.   <u>Government Agency Status</u>

10         28 U.S.C. §1345 provides that "the district courts shall have original jurisdiction of all

11   civil actions … commenced by the United States, or by any agency or officer thereof expressly

12   authorized to sue by Act of Congress."  Defendants contend that FHLB Seattle is an "agency" of

13   the United States Government, over which section 1345 confers federal jurisdiction in this

14   action. (Def. Res. at 9.)  FHLB Seattle disputes this characterization. (Pl. Mot. at 15.)

15         Defendants cite *Fahey v. O'Melveny & Myers,* 200 F.2d 420 (9th Cir. 1952), for the

16   ostensible holding that Federal Home Loan Banks are government agencies.  This Court finds

17   *Fahey* inapposite, however, because it concerned neither section 1345 nor the status of individual

18   FHLBs.

19         The *Fahey* court held that members of the former FHLB Los Angeles could not recover

20   assets and attorney fees from FHLB San Francisco after the FHLB Board consolidated the

21   Banks. 200 F.2d 420 at 444.  The court reasoned that the action, superficially by one FHLB

22   against another, served fundamentally to challenge the Board's reorganization scheme, rendering

23   it an "unconsented suit against the United States." *Id.* at 458.  Defendants correctly cite a single

24

1   sentence in which the *Fahey* court claims to have "held" FHLBs to be government agencies:

2   "(This action) … is directed against the FHLB of San Francisco which we have held to be an

3   agency of the United States." 200 F.2d at 458.  Its own statement notwithstanding, however, the

4   *Fahey* court never considered the Banks' agency status.  It merely determined that litigation

5   between individual Banks was not a legitimate means by which to compel action by the FHLB

6   Board.  *Fahey* determined the Board's "agency" status for purposes of due process, but does not

7   help this Court determine the status of individual FHLBs for jurisdiction.

8        Instead of relying on *Fahey*, this Court applies the six-factor test for agency status

9   established in *In re Hoag Ranches v. Stockton Production Credit Association,* 846 F.2d 1225,

10  1227-28 (9th Cir. 1988).  Although the *Hoag* test has only been applied for purposes of Federal

11  Rule of Appellate Procedure 4(a)(1), this Court finds it apposite because it derives from cases

12  construing section 1345 and 28 U.S.C.A. §451, which defines a government "agency" as "any

13  department, (etc.) … in which the United States has a proprietary interest."

14        Under *Hoag,* this Court considers:

15        (1) the extent to which an entity performs a government function; (2) the scope of
          the government's involvement in the entity's management; (3) whether the entity
16        is financed by the government; (4) whether persons other than the government
          have a proprietary interest in the entity, and whether the government's interest is
17        merely custodial or incidental; (5) whether the entity is referred to as an agency in
          other statutes; and (6) whether the entity is treated as an arm of the government
18        for other purposes, such as amenability to suit under the Federal Tort Claims Act.

19  846 F.2d at 1227-8.

20        As evidence that FHLBs "perform a government function," Defendants cite *Laurens*

21  *Federal Savings & Loan Association v. S.C. Tax Commission,* 365 U.S. 517, 522 (1961), for its

22  finding that Congress created the FHLB system to increase home-ownership.  Defendants also

23  provide a list of the Banks' "extensive statutorily mandated functions." (Def. Res. at 13.)  The

24

ORDER OF REMAND - 5

1  cases from which the *Hoag* court derives its first factor, however, suggest that a federally

2  chartered entity may need to have "rule-making or regulatory authority" to be considered to

3  perform a government function. *See, e.g., Rauscher Pierce Refsnes, Inc. v. FDIC,* 789 F.2d 313,

4  315 (5th Cir. 1986) (FDIC performs a government function because it can "regulate banking

5  practices … and provid(e) deposit insurance on a consistent nationwide basis"); *Government*

6  *National Mortgage Association v. Terry,* 608 F.2d 614, 619 (5th Cir. 1979) (Ginnie Mae is a

7  government agency in part because it "controls [certain] … functions of the federal housing

8  program").

9       As evidence that the Bank is government-managed, Defendants cite the FHLB charter,

10  which dictates the terms according to which each Bank's board of directors will serve, (12

11  U.S.C. §1427), vests authority in the Treasury Secretary to designate any Bank a "depositary of

12  public money … (and) a financial agent of the Government," (12 U.S.C. §1434), and authorizes

13  government audits of the Banks, (12 U.S.C. §1431[j]).  Defendants also note that the government

14  may use FHLB employees, officers or agents to carry out government functions. 12 C.F.R.

15  §995.5. (Def. Res. at 14.)  It is not clear, however, that this type of regulation constitutes

16  "management" for jurisdictional purposes.  See *Federal Land Bank of Columbia v. Cotton,* 410

17  F.Supp. 169, 171 (D.C. GA 1975) ("plaintiff bank … was obviously meant to be a private, rather

18  than governmental, corporation, which would merely be subject to various federal regulations").

19       As evidence that FHLBs are government-funded, Defendants point to their tax-exempt

20  status under 12 U.S.C. §1443, and cite *Reagan v. Taxation with Representation of Washington,*

21  461 U.S. 540, 544 (1983) for the determination that tax exemptions are a form of subsidy. (Def.

22  Res. at 14-15.)  It seems unlikely, however, that Congress intends every organization receiving

23  tax exemptions to be considered a government "agency."

24

1    To satisfy *Hoag*'s fifth factor, Defendants offer only C.F.R. §201.108(b), which

2    characterizes FHLB "notes and bonds" as "ful(ly) guaranteed … by a Federal agency." (Def.

3    Res. at 16-17.)  To satisfy the sixth factor, Defendants cite *Fidelity Financial Corp. v. Federal*

4    *Home Loan Bank of San Francisco,* 589 F. Supp. 885, 894 (N.D. Cal. 1983), which held that

5    FHLB San Francisco was a government agency for purposes of the Administrative Procedure

6    Act.  Plaintiff cites *Rheams v. Bankston, Wright & Greenhill,* 756 F. Supp. 1004 (W.D. Tex.

7    1991), which held that FHLB Dallas was not a government agency for the purposes of the

8    Federal Tort Claims Act.  In summation, *Hoag* is not particularly clarifying when applied

9    without context.  Therefore, this Court considers the *Hoag* factors in connection with the line of

10   cases addressing the "agency" question for jurisdictional purposes.

11   In cases construing sections 1345 and 451, *Hoag*'s fourth factor is paramount, since these

12   cases necessarily consider whether the government has a "proprietary" and non-"incidental"

13   interest in the plaintiff organization.  See *Scott v. Federal Reserve Bank of Kansas City,* 406 F.3d

14   532, 535 (8th Cir. 2005) ("United States has an interest in the Federal Reserve Banks … but this

15   interest is not proprietary"); *Government National Mortgage Association v. Terry,* 608 F.2d 614,

16   619 (5th Cir. 1979) ("interest of the United States in (Ginnie Mae) cannot possibly be termed to

17   be 'incidental'"); *Acron Invest., Inc. v. Federal Savings & Loan Insurance Corp.,* 363 F.2d 236,

18   238-40 (9th Cir. 1966) (FLSIC is a government agency because the control "Congress and the

19   United States exercise over [it] is clearly more than custodial or incidental" and government

20   therefore has a "proprietary interest"); *Federal Land Bank v. Cotton,* 410 F. Supp. 169, 171

21   (N.D. GA 1975) (Bank not an "agency" for Section 1345's purposes because government had no

22   "substantial proprietary interest" and Bank was "merely … subject to various federal

23   regulations").  Cases addressing section 1345 establish a clear pattern: those that hold quasi-

24

1  governmental corporations to be "agencies" for Section 1345's purposes involve single

2  administrative entities, while those that deny jurisdiction involve entities whose corporate

3  structures resemble the FHLBs'.  At the time *Cotton* was decided, the Federal Land Banks were,

4  like the Federal Home Loan Banks today, a network of 12 federally regulated, privately owned,

5  mortgage credit providers. Farm Credit Administration Description of FCS Institution Types,

6  http://www.fca.gov/info/institution_description.html (last visited July 26, 2010).  Similarly, the

7  Federal Reserve Bank of Kansas City, whose agency status the *Scott* court rejected, is one of

8  many privately directed branch banks operating in 12 federally created "Districts." The Federal

9  Reserve Board 12 Federal Reserve Districts, http://www.federalreserve.gov/otherfrb.htm (last

10  visited July 26, 2010).  In terms of the government's "proprietary interest," therefore, FHLB

11  Seattle appears analogous to both the Federal Land Banks of 1975 and the Federal Reserve Bank

12  of Kansas City.  Accordingly, this Court finds that FHLB Seattle is not a government agency for

13  the purposes of section 1345.

14

15      3.  Diversity

16      All parties acknowledge that as a federally chartered organization FHLB Seattle cannot

17  have state citizenship unless (1) its charter or organizing certificate so designates; or (2) its

18  activities are "localized" in a single state.  *Loyola Fed. Sav. Bank v. Fickling,* 58 F.3d 603 (11th

19  Cir. 1995); *Iceland Seafood Corporation v. National Consumer Cooperative Bank,* 285 F. Supp.

20  2d 719 (E.D. Va. 2003).  FHLB Seattle meets neither exception.

21      FHLB Seattle's organizing certificate locates the Bank in District 12, which encompasses

22  "The States of Alaska, Hawaii, Idaho, Montana, Oregon, Utah, Washington, and Wyoming, and

23  Guam." (Pl. Mot., Exhibit E.)  The certificate also locates the Bank's "principal office … in the

24

City of Spokane, State of Washington, or at such other city as the FHLB Board may from time to time determine." (*Id.,* Exhibit E.)  In light of the 12-District scheme, the certificate's language is too vague to designate Plaintiff a citizen of Washington State.

"Localization" requires a more complex analysis.  In previous cases addressing the issue, courts have considered the relationship between a federal organization's charter, certificate, and business activities.  *See, e.g., Prize Energy Resources, L.P. v. Santa Fe Pacific Railroad Co.,* 2009 WL 160359 (D. Ariz. 2009) (railroad company's activities not localized when conducted in at least three states, and when charter indicated no intent to localize); *Auriemma Consulting Group, Inc. v. Universal Savings Bank,* 367 F. Supp.2d 311, 314 (E.D.N.Y. 2005) (Bank's multi-state activities not localized in part because its "website makes perfectly clear [its intent] to exercise … powers granted by its charter … to do business on a nationwide basis"); *Iceland Seafood Corporation v. National Consumer Cooperative Bank,* 285 F. Supp. 2d at 726 (noting that cases finding state citizenship involve entities "bearing the name of a particular state or region, and all having a corresponding scope of activity"); *Burton v. U.S. Olympic Committee,* 574 F. Supp. 517, 521 (D.C. Cal. 1983) (U.S. Olympic Committee's activities not localized, on the basis of its charter and multi-state activities).  All of Plaintiff's branch offices are in Washington State, but the Bank conducts more than half of its business elsewhere in FHLB District 12. (Pl. Reply at 19-20.)  Most of the Bank's directors are based outside of Washington, and non-Washington-based members own most of its stock. *Id.* at 20.  In light of the FHLB charter's 12-District scheme, FHLB Seattle's organizing certificate and business activities indicate that the Bank has only national citizenship.  Accordingly, there is no federal diversity jurisdiction over this action.

1

## IV.   CONCLUSION

2        For the foregoing reasons, this Court finds that (1) the FHLB charter does not confer

3   federal jurisdiction over this action; (2) Plaintiff is not subject to federal jurisdiction as a

4   government "agency"; and (3) there is no federal diversity jurisdiction over this action because

5   Plaintiff has only national citizenship.  Accordingly, this Court finds it lacks subject matter

6   jurisdiction to hear this case, and grants Plaintiff's Motion to Remand.

7

8        Dated September 1, 2010.

9

10

11

12        RICARDO S. MARTINEZ
          UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24